UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
JAN 25 2018

| | |
|---|---|
| KRISTI H. THOMPSON,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH,<br><br>Defendant. | CIV. #18-4011<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

The Plaintiff, Kristi H. Thompson, by and through her counsel of record, and for her causes of action again the Defendant, does hereby state and allege as follows.

### NATURE OF THE ACTION

This is a breach of contract and bad faith action brought by Plaintiff, Kristi H. Thompson, (hereafter referred to as Mrs. Thompson) against Defendant, National Union Fire Insurance Company of Pittsburgh, (hereafter referred to as Defendant). Mrs. Thompson was severely and permanently injured while working for her employer. Employer secured worker's compensation insurance coverage for its employees including Mrs. Thompson from National. Defendant denied worker's compensation benefits to Mrs. Thompson. Mrs. Thompson seeks those worker's compensation benefits which National owes to Mrs. Thompson. Further, Mrs. Thompson seeks to hold National accountable for its bad faith in handling of Mrs. Thompson's claim.

### PARTIES

1. Mrs. Thompson is a citizen of the State of South Dakota and a resident of Sioux Falls, Lincoln County.

2. Upon information and belief, Defendant is a corporation duly organized and existing under the laws of Pennsylvania, with its principle place of business in New York, which at all times was duly authorized to issue insurance policies in the State of South Dakota.

## JURISDICTION AND VENUE

3. Mrs. Thompson invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 based upon divert of the parties.

4. The amount in controversy exceeds the sum of $75,000.

5. A substantial part of the events giving rise to this action occurred in South Dakota and, thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2).

## FACTS

6. On or about February 21, 2011, JC Penney in Brookings, SD (hereafter JC Penney), employed Mrs. Thompson as a manager in its jewelry department.

7. On or about February 21, 2011, Defendant insured JC Penney for the purposes of worker's compensation.

8. On or about February 21, 2011, Mrs. Thompson sustained a serious and debilitating injury to her neck when she struck her head on a countertop while she was working for JC Penney.

9. Mrs. Thompson reported her work related injury in a timely fashion to JC Penney and JC Penney filed a first report of injury with the South Dakota Department of Labor (hereafter Department).

10. JC Penney also reported Mrs. Thompson's work related injury to Defendant.

11. Upon receiving notice from JC Penney, Defendant began paying worker's compensation benefit to or on behalf of Mrs. Thompson.

12. On or about January 23, 2012, Defendant referred Mrs. Thompson to Dr. Paul Cederberg for an adverse medical examination.

13. Following the January 23, 2012, adverse examination of Mrs. Thompson, Dr. Cederberg opined that Mrs. Thompson likely injured herself when she struck her head at work on February 21, 2011.

14. On or about October 5, 2012, Defendant again referred Mrs. Thompson to Dr. Cederberg for an adverse medical examination.

15. Defendant, its parent company AIG, and/or adjusters knew or should have known that Dr. Cederberg has a long history of bias in favor of insurance companies such as Defendant.

16. Following Dr. Cederberg's adverse examination of Mrs. Thompson on October 5, 2012, Dr. Cederberg opined that any neck injury that Mrs. Thompson sustained was due to previous existing degenerative disk disease and not result of strike her head while working for JC Penney.

17. On or about December 21, 2012, Defendant denied payment of any further worker's compensation benefits to or on behalf of Mrs. Thompson.

18. Following Defendant's denial of benefits, Mrs. Thompson continued to received medical treatment for her neck injury and eventually required two (2) surgeries resulting in a three level fusion in her cervical spine.

19. As a result of her work related injury, Mrs. Thompson suffers from continuous severe and debilitating pain resulting in her ability to earn insubstantial and sporadic income.

20. On or about August 24, 2012, Mrs. Thompson filed a Petition for Hearing with the Department of Labor claiming Defendant and JC Penney owed additional worker's

compensation benefits including, but not limited to, past and future medical expenses, temporary total and partial disability, and permanent and total disability.

21. On or about September 7 and 8, 2016, the Department held a hearing on the allegations contained in Mrs. Thompson's Petition for Hearing.

22. On or about February 23, 2017, the Department entered its decision determining that Mrs. Thompson was entitled to past and future medical expenses and permanent and total disability benefits.

23. Following the Department's decision, Defendant appealed to the Circuit Court for Hughes County, South Dakota.

24. While the appeal was pending, Mrs. Thompson and Defendant settled Mrs. Thompson's claim for worker's compensation benefits in the amount of $400,000 which is less than the amount of benefits owed Mrs. Thompson.

25. Mrs. Thompson agreed to settle her claim for worker's compensation benefits to avoid further litigation and attorneys' fees and other economic reasons.

26. Under the terms of the settlement agreement, Defendant agreed to pay Mrs. Thompson's future medical expenses related to her work related injury or fully fund a Medicare Set Aside Arrangement.

27. Since the settlement, Defendant failed to pay Mrs. Thompson's medical expenses or fully fund a Medicare Set Aside Arrangement.

### COUNT ONE
### BAD FAITH

28. Plaintiff hereby realleges paragraphs 1 through 27 and incorporates them as though fully set forth herein.

29. By virtue of its policy of worker's compensation insurance with JC Penney in effect on or about February 21, 2011, and Mrs. Thompson status as an insured under the policy, Defendant was contractually obligated to pay Plaintiff worker's compensation benefits as a result of her work related injury.

30. Defendant breached its duty to pay Mrs. Thompson worker's compensation benefits in a timely manner pursuant to the policy.

31. Defendant's breach of its duty to under its policy resulted in substantial damage to Mrs. Thompson.

32. Defendant's refusal to pay the full amount of worker's compensation benefits as determined by the Department was vexatious and without reasonable cause and Plaintiff is entitled to attorney's fees pursuant to SDCL § 58-12-3.

## COUNT TWO
## BAD FAITH

33. Plaintiff hereby realleges paragraphs 1 through 32 and incorporates them as though fully set forth herein.

34. Because the policy constitutes a contract of insurance between Defendant and Mrs. Thompson, there exists an implied covenant of good faith and fair dealing between them.

35. Mrs. Thompson injured herself while working for JC Penney with the policy period and her injury was compensable under the terms of the policy, provided timely notice to JC Penney and Defendant of her injury giving rise to coverage, and demanded payment for the same.

36. Defendant knew that there was a lack of a reasonable basis for denial of the claim, or else acted in reckless disregard as to whether or not a reasonable basis existed for the denial of the claim.

37. In addition to the denial of worker's compensation benefits, Defendant committed bad faith against Mrs. Thompson in the following ways;

   a. Terminating benefits without any reasonable basis upon which to do so;

   b. Delaying the processing and handling of Mrs. Thompson's claim for benefits;

   c. Hiring a physician to conduct an adverse medical examination of Mrs. Thompson that Defendant knew or should have known was biased in favor of insurance companies.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff demands trial by jury in this action of all issues so triable.

Dated: January 24, 2018
Sioux Falls, South Dakota

ALVINE|WEIDENAAR, LLP

_____
Bram Weidenaar
809 West 10th Street, Suite A
Sioux Falls, SD  57104
Phone: (605) 275-0808
Fax:    (605) 271-7817
bram@alvineweidenaar.com

One of the Attorneys for Plaintiff