UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| KRISTI H. THOMPSON, | * | CIV 18-4011 |
| | * | |
| Plaintiff, | * | MEMORANDUM OPINION AND ORDER DENYING MOTION TO AMEND |
| vs. | * | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff, Kristi Thompson ("Thompson"), has moved the Court pursuant to Federal Rule of Civil Procedure 15(a)(2) for an Order granting leave to amend her Complaint to add additional parties. (Doc. 21.) For the reasons set forth below, the motion is denied.

## DISCUSSION

This is a breach of contract and bad faith action stemming from Thompson's coverage under a worker's compensation insurance policy issued by Defendant, National Union Fire Insurance Company of Pittsburgh ("NUF"), to Thompson's employer. In both her initial Complaint and her proposed Amended Complaint, Thompson alleges that NUF breached the insurance contract by failing to timely pay worker's compensation benefits, and committed bad faith by: 1) terminating benefits with no reasonable basis to do so; 2) delaying the processing and handling of Thompson's claim; and 3) requiring an adverse medical examination by a physician who was biased in favor of insurance companies. (Doc. 1; Doc. 21-1.) In her proposed Amended Complaint, Thompson adds four parent companies as defendants under the theory of alter ego liability. (*See* Doc. 23 at 6.) NUF contends that Thompson's motion to amend and add the four parent companies is futile because there is no factual or legal basis for claims against the companies.

Although generally a court should freely give leave to a party to amend its pleadings when justice so requires, FED.R.CIV.P. 15(a)(2), it may properly deny a party's motion to amend a complaint when such amendment would unduly prejudice the non-moving party or would be futile. *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). Denial of a motion for leave to amend on the basis of futility "means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008).

When ruling on a motion to dismiss under Rule 12(b)(6), a district court generally may not consider materials outside the pleadings, other than some public records, materials that do not contradict the complaint, or materials that are "necessarily embraced by the pleadings." *Noble Systems Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008); *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). This Court will therefore consider only the sufficiency of the allegations contained in Thompson's proposed Amended Complaint in determining the futility issue. *See Peoples v. Sebring Capital Corp.*, 209 F.R.D. 428, 430 (N.D.Ill. 2002)(The test for futility in a motion to amend complaint does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment, but whether the proposed pleading can withstand a motion to dismiss for failure to state a claim.); *Journal Pub. Co. v. American Home Assur. Co.*, 771 F.Supp. 632, 635 (S.D.N.Y. 1991)(district court considers only sufficiency of the allegations in a proposed amended complaint in determining whether proposed amendments are futile).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A]lthough a complaint need not include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *C.N. v. Willmar Pub. Schs., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). The factual content in the complaint must "allo[w] the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." *Braden v. Wal-Mart Stores*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft*, 556 U.S. at 678).

Courts generally do not presume that a parent corporation is liable for the actions of its wholly owned subsidiary. *United States v. Bestfoods*, 524 U.S. 51, 61 (1998). There is an exception to this presumption, however "'where one corporation is so organized and controlled and its affairs are so conducted that it is, in fact, a mere instrumentality or adjunct of [the parent] corporation.'" *Epps v. Stewart Information Services Corp.*, 327 F.3d 642, 649 (8th Cir. 2003) (quoting *Lakota Girl Scout Council, Inc. v. Havey Fund-Raising Mgmt., Inc.*, 519 F.2d 634, 637 (8th Cir. 1975)).

"State law is viewed to determine whether and how to pierce the corporate veil." *Epps*, 327 F.3d at 649. South Dakota law[1] provides that "[a] parent corporation is liable for the acts of its subsidiary under the instrumentality exception when (1) the parent controls the subsidiary to such a degree as to render the latter the mere instrumentality of the former; and (2) adherence to the rule of corporate separateness would produce injustices and inequities." *Glanzer v. St. Joseph Indian Sch.*, 438 N.W.2d 204, 207 (S.D. 1989) (citations omitted). A parent is also responsible for the conduct of its subsidiaries "when an agency relationship exists between them." *Id.* (citations omitted).

The South Dakota Supreme Court has identified and adopted additional factors to consider under the first factor in the instrumentality exception. These factors indicate the "control" necessary to hold the parent liable for the actions of the subsidiary:

(a) The parent corporation owns all or most of the capital stock of the subsidiary.

(b) The parent and subsidiary corporations have common directors or officers.

(c) The parent corporation finances the subsidiary.

(d) The parent corporation subscribes to all the capital stock of the subsidiary or otherwise causes its incorporation.

(e) The subsidiary has grossly inadequate capital.

---

[1] The parties did not address what law applies to the issue of piercing the corporate veil, and the Court will assume without deciding that South Dakota law applies here.

3

(f) The parent corporation pays the salaries and other expenses or losses of the subsidiary.

(g) The subsidiary has substantially no business except with the parent corporation or no assets except those conveyed to it by the parent corporation.

(h) In the papers of the parent corporation or in the statements of its officers, the subsidiary is described as a department or division of the parent corporation, or its business or financial responsibility is referred to as the parent corporation's own.

(i) The parent corporation uses the property of the subsidiary as its own.

(j) The directors or executives of the subsidiary do not act independently in the interest of the subsidiary but take their orders from the parent corporation in the latter's interest.

(k) The formal legal requirements of the subsidiary are not observed.

*Glanzer*, 438 N.W.2d at 207 (citations omitted).

These factors are not exhaustive and all need not be present to conclude a subsidiary is the instrumentality of the parent, *id.*, but *none* of the factors are alleged in Thompson's proposed Amended Complaint. In addition, Thompson has failed to set forth any allegations that adherence to the rule of corporate separateness would produce injustices and inequities in this case, the second factor in the instrumentality exception.[2] The allegations pleaded in the proposed Amended Complaint do not allow the Court to draw a reasonable inference that any of the four parent companies are liable as alter egos of NUF for the misconduct alleged.[3] Thus, Thompson's proposed amendment to add the parent companies is futile. Accordingly,

---

[2] For example, there is no allegation that NUF is unable to pay any damages that might be awarded to Thompson.

[3] To the extent Thompson claims that NUF was acting as an agent of the four parent companies and, thus, NUF's actions can be attributed to the parent companies, Thompson has pleaded no facts through which the Court could infer that an actual or implied agency exists. *See, e.g., Bernie v. Catholic Diocese of Sioux Falls*, 821 N.W.2d 232, 240 (S.D. 2012) ("To establish an agency relationship there must be a (1) manifestation by the principal that the agent shall act for him, (2) the agent's acceptance of the undertaking, and (3) the understanding of the parties that the principal is to be in control of the undertaking.") (internal quotation omitted).

**IT IS ORDERED** that Plaintiff's Motion to Amend Complaint (Doc. 21) is denied.

Dated this 24th day of August, 2018.

BY THE COURT:

*Lawrence Piersol*
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

By: *Summu Watafr*
DEPUTY

5