UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| KRISTI H. THOMPSON, <br><br> Plaintiff, <br><br> vs. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, <br><br> Defendant. | 4:18-CV-04011-LLP <br><br> ORDER DENYING PLAINTIFF'S MOTION TO COMPEL <br><br> Docket No. 30 |

This matter is pending before the court on plaintiff Kristi Thompson's complaint alleging defendant handled her workers compensation claim in bad faith. See Docket No. 1. Jurisdiction is premised on the diverse citizenship of the parties and an amount in controversy in excess of $75,000. See 28 U.S.C. § 1332. Now pending is Ms. Thompson's motion to compel production of documents pursuant to a *subpoena duces tecum*. See Docket No. 30. The district court, the Honorable Lawrence L. Piersol, referred Ms. Thompson's motion to this magistrate judge for decision. See Docket No. 34.

Ms. Thompson "sent" (see Docket No. 32 at ¶¶3 & 6, Affidavit of Counsel), a *subpoena duces tecum* to nonparty Integrity Medicolegal Enterprises ("IME"), located in Minneapolis, Minnesota, seeking the production of certain documents therein. See Docket No. 32-4. She alleges in her motion IME has not produced those documents and seeks the court's order compelling IME to disgorge the documents. See Docket Nos. 30 & 31.

Ms. Thompson's motion cannot be granted. First, subpoenas are required to be "served," not merely "sent." See FED. R. CIV. P. 45(b)(1). That service may be accomplished by any person who is at least 18 years old and not a party to the action. Id. No proof that service was ever made on IME appears in the record nor does it appear IME waived service.

Secondly, the subpoena requires IME to produce the documents in plaintiff's counsel's office in Sioux Falls, South Dakota. See Docket No. 32-4. A subpoena may command the production of documents at a place within 100 miles of where the person served with the subpoena resides, is employed or regularly transacts business. See FED. R. CIV. P. 45(c)(2)(A). Minneapolis, where IME is located, is approximately 237 miles away from Sioux Falls. Thus, the subpoena requires compliance at a location outside the 100-mile radius provided under Rule 45.

But finally, a motion to enforce a subpoena must be filed in the district where compliance is to be had. Here, that is ostensibly Sioux Falls, but because the subpoena exceeds the 100-mile radius rule, in actuality, the place for performance, when the subpoena is circumscribed to the radius allowed by

Rule 45, is somewhere in Minnesota.  See FED. R. CIV. P. 45(c)(2)(A) and (d)(2)(B)(i).  Accordingly, this motion should have been filed in the District of Minnesota as that is the location where compliance is required within the confines of Rule 45.

Last, but certainly not least, Ms. Thompson's motion is accompanied by a certificate of service that defendant's counsel was served with the motion and memorandum in support.  See Docket No. 30 at p. 3; Docket No. 31 at p. 6.  However, the motion is devoid of any indication that the party which is the object of the motion—IME—was ever served.  It appears that only plaintiff's counsel's affidavit was served on IME.  Compare Docket No. 30 at p. 3; Docket No. 31 at p. 6, with Docket No. 32 at p. 3.  Even if the subpoena complied with Rule 45, the court could not grant a motion against a nonparty where the record before the court does not establish the nonparty received a copy of the motion.  For all these reasons, it is hereby

ORDERED that plaintiff's motion to compel compliance with her subpoena by IME is DENIED.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 12th day of April, 2019.

BY THE COURT:

_VERONICA L. DUFFY_
VERONICA L. DUFFY
United States Magistrate Judge